## Case No. 17,804.

### WILSON v. GRAHAM.

[4 Wash. C. C. 53.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1821.

PRIZE JURISDICTION—EFFECT OF CONDEMNATION—PARTIES NOT SERVED—PLEADING—PRAYERS FOR RELIEF.

1. Libel to carry into execution a sentence of the circuit court of Rhode Island against Graham, a resident citizen of Pennsylvania, for the value of a box of merchandise, condemned by that court, and which was charged to have come into his hands after condemnation. Plea, that the defendant had not been served with process in the district of Rhode Island, and was not a party to the proceedings in that court.

2. The circuit court of Rhode Island had no jurisdiction against Graham in personam, as he was a citizen of Pennsylvania, and was not served with process in that state.

[Cited in Clarke v. New Jersey Steam Nav. Co., Case No. 2,859: Tenney v. Townsend, Id. 13,832; Otis v. The Rio Grande, Id. 10,-613.]

3. The decree of that court is conclusive against the merchandise, and upon a proper application to this court, the court would not hesitate to give it effect against the appellee, in respect to the merchandise; if it should appear that he had, or has, possession of them or their proceeds. As to the thing, Graham, and all others claiming it on the ground of property or possession, were parties to that suit, and were represented by it in that court, although they were not served with process, or had not heard of the proceedings.

[Cited in Hunter v. Marlboro, Case No. 6,-908.]

4. Where a specific relief is asked for, even though there be a prayer for general relief, the circuit court cannot grant a relief which is inconsistent with, or entirely different from, that which is prayed.

5. The respondent is, however, not bound to put his defence upon the answer, and reserve it for a final hearing; but may, if it be a fit subject for a plea, put it into that shape, in order to save the expense of going into a general examination.

[Appeal from the district court of the United States for the district of Pennsylvania.]

This was an appeal from a pro forma decree of the district court. The appellant filed a libel in that court, in behalf of himself, the owners, officers and crew of the private armed brig Yankee, setting forth that certain prize proceedings were duly instituted and prosecuted in the district and circuit courts of Rhode Island by Oliver Wilson, commander of the Yankee, against the ship Francis, her tackle, &c. goods, wares, and merchandise on board, wherein it was so proceeded, that, at the June term, 1819, of the circuit court of the United States for the said district, it was decreed as follows, viz.: "That it appearing by the record and proceedings in this cause, that the said Oliver Wilson by his complaint, duly verified by proof, hath shown that a certain

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

box of merchandise, consisting of silks, marked, &c. captured in the ship Francis, and condemned, as lawful prize to the captors, in the case of the libel of said Wilson, at the June term, 1813, was delivered to one James Stewart by the inspector of the district of Bristol, by mistake, and by the said Stewart received and carried away; and further (here reciting the monition and attachment against Stewart, and his being in contempt), that afterwards it was shown to the court at the November term, 1816, that the said box of merchandise, or the proceeds thereof, were in in the possession of Peter Graham, of Philadelphia, &c." the decree then proceeds to recite a monition to Graham, his being in contempt, and a decree against him at the November term, 1818, that he pay into the registry of the court, for the use of the complainant, the amount of the value of said box of merchandise, upon due proof being made of such value and possession by said Graham. And at a subsequent term it was decreed (the said Graham still being in contempt) that he pay into the registry of the court the sum of $2,000, the value of said box of merchandise, and in default thereof, that execution issue against him. The execution is then set out at large, with the return that it was wholly unsatisfied; the said Graham, nor any goods and chattels to him belonging, being to be found within the said district. The libel then proceeds to pray the advice and assistance of the court for enforcing and effectuating the said decree against the said Graham.

To this libel Graham put in a plea, stating that he never was duly monished and cited to appear before the said court at Rhode Island; to answer or defend in the suit wherein the said decree was rendered, or to bring in the box of merchandise in the said decree mentioned; and that the said court of Rhode Island had no jurisdiction to hold any plea, civil or maritime, against him personally, touching the matter in the said libel and decree mentioned; because, he saith, that he, the said Peter Graham, was a resident and inhabitant of Pennsylvania, and personally abiding therein at the time of issuing the monition in the said libel mentioned, and so continued to reside till after the return thereof; and that he was not an inhabitant of the said district of Rhode Island, and was not found therein at the time of serving the same, and was not monished therein, and did never appear, or authorize any one in his behalf to appear thereto: wherefore, &c. To this plea the libellant put in a general demurrer.

The record of the district and circuit courts of Rhode Island set forth the proceedings against the Francis and her cargo, and the sentence of condemnation of parts of the latter, amongst which was the box of merchandise in question, and that the same was by mistake delivered to Stewart instead of box No. 105, which the decree had ordered to be restored to him, and which was afterwards delivered to him. It further states that the

proceedings against Graham were instituted and carried on at the suggestion and instance of the proctors of Stewart and of Wilson.

C. J. Ingersoll and J. R. Ingersoll, for appellant, contended: (1) That this court was bound to carry into effect the sentences and decrees not only of other federal courts of the United States, but of the admiralty courts of foreign countries. 2 Browne, Civ. & Adm. Law, 120; 1 Vent. 32; 1 Com. Dig. 274; [Harris v. Johnston] 3 Cranch [7 U. S.] 315; Abb. Shipp. (Story's Ed.) 16; [U. S. v. Crosby] 7 Cranch [11 U. S.] 116; [Fairfax v. Hunter] Id. 632; 2 Sir Leo. Jenkins, 714, 754; [Gelston v. Hoyt] 3 Wheat. [16 U. S.] 322, note. (2) That the Rhode Island court had jurisdiction over the box of merchandise in question, and consequently over all persons claiming any interest in the same, and as an incident had jurisdiction also over any person to whose hands the possession of the said merchandise or its proceeds might come. 2 Brown, 113, 332; [Rose v. Himely] 4 Cranch [8 U. S.] 241; [Hudson v. Bigelow] Id. 293; 2 Term R. 649; 7 Ves. 593; 1 Salk. 32; 3 Term R. 267. (3) That this jurisdiction was duly exercised. No monition to Graham, personally, was necessary. But, in point of fact, one did issue, and was returned executed by the marshal of this district. (4) That the decree now sought to be enforced was final and conclusive, and cannot now be questioned. [Phelps v. Holker] 1 Dall. [1 U. S.] 261; Kirby, 119; 1 Caines, 460; 5 Johns. 37; 9 Mass. 462; 13 Johns. 206; 15 Johns. 121; [Mills v. Duryll] 7 Cranch [11 U. S.] 484; [The Francis] 8 Cranch [12 U. S.] 348; 1 Com. Dig. 275; Skin. 93; Doug. 592; 3 C. Rob. Adm. 58; 4 C. Rob. Adm. 293, 294; 3 C. Rob. Adm. 299, Append. The process against Graham was not original, but was founded on the decree against the property. The counsel also cited [Jennings v. Carson] 4 Cranch [8 U. S.] 2; 2 Wheat. [15 U. S.] Append. 2-4; Hall, Prac. 81; Mariot, Formula, 187; 2 Law J. 133; [The Adeline] 9 Cranch [13 U. S.] 284, 291; [The Edward] 1 Wheat. [14 U. S.] 264; The Ariadne [Case No. 526]; [Penhallon v. Doane] 3 Dall. [3 U. S.] 54.

It was insisted upon by Chauncey and Binney, for the respondent, that the Rhode Island court had not jurisdiction over a person who resided out of that district, and was not served with its process within the same; and they relied upon the eleventh section of the judicial law, and upon the principles laid down by the court in the case of Ex parte Graham [Case No. 5,657], decided in October, 1818. They admitted the conclusiveness of the sentence condemning the box of merchandise in question, and that it would be considered in any suit against the same. But the decree now sought to be enforced is in personam against a person residing in another district, and not served with process within the district. They cited 4 C. Rob. Adm. 44; 3 C. Rob. Adm. 53; 2 Browne, Civ. & Adm.

Law, 332, 434; [Pawlet v. Clark] 9 Cranch [13 U. S.] 291; [Jennings v. Carson] 4 Cranch [8 U. S.] 18; 4 C. Rob. Adm. 41, note 45.

WASHINGTON, Circuit Justice, after stating the case as above, proceeded to deliver the opinion of the court.

This case turns exclusively upon the question, whether the circuit court for the district of Rhode Island had jurisdiction in the case, wherein the decree which this libel seeks to enforce was made? If it had, then it is clearly conclusive upon this court, and it must be carried into effect against Graham. If there was a defect of jurisdiction in that case, it is admitted by the appellant's counsel, that the decree ought not to be enforced by this court. In the case Ex parte Graham [Case No. 5,-658], which terminated in the discharge of the appellee from arrest, under the process of attachment issued by the circuit court of Rhode Island in this very case, the following points were resolved: (1) That the federal, circuit and district courts of one state, have no authority to issue process into any other state to compel an appearance in those courts, whether in a matter at common law, in equity, or of prize or no prize. (2) That the jurisdiction of those courts, though sitting in prize causes, is limited in point of locality by the bounds of their respective districts, except in a few cases particularly provided for by law. (3) That it is essential to the jurisdiction of those courts, that the person, or thing, against which the proceedings are directed, should be within their local jurisdiction; except in the latter case, when the thing is considered as being constructively within their jurisdiction; as where it is in possession of the captors, though in a neutral country. (4) That if a prize proceeding be instituted against the person, the jurisdiction is excluded, unless it be in a court of the district whereof the person is an inhabitant, or in which he is found at the time of serving the process.

If these principles be correct, (and after an attentive reconsideration of them, we think they are,) it follows, that the circuit court of Rhode Island had no original jurisdiction over the person of Peter Graham, because, the process of that court could not legally issue into this district, and be here served upon him; nor was it served upon him in that district: he was not bound to appear and to make himself a party to the suit. Can he then be personally bound by a sentence, given in a suit in which he was not a party, nor was heard, or could be heard in his defence? Such a doctrine, cannot, we think, be maintained. It is repugnant to the immutable dictates of justice, as well as to the express provisions of the eleventh section of the judicial act, which provides "that no civil suit shall be brought before either of the said courts, against an inhabitant of the United States by any original process, in any other district than that whereof he is an inhabit-

ant, or in which he shall be found at the time of serving the writ." For, if the court can exercise jurisdiction in a case, and over a person who has not, and could not be legally served with its process, the above provision was quite nugatory, and afforded no protection to those for whom it was designed. We have no doubt but that the learned judge who passed that decree; presuming that, in respect to the process, all had been rightfully done (for Graham had no person to represent him in court, and to place that matter in its true light;) had no reason to question his jurisdiction.

I admit that that court had unquestionable jurisdiction over the box of merchandise alleged to be in the possession of Graham, and as to that or its proceeds, the sentence of that court is conclusive; not only as to its correctness, but as to every thing which it professes to decide. And this court would not hesitate to execute that decree against the appellee, were a proper application made for that purpose; and if it appeared in proof, that he had, or has the thing, or its proceeds in his possession. As to the thing, Graham, and all other persons claiming an interest in it, either on the ground of property or of possession, were parties to that suit, and were represented in court by the thing which was the subject of the court's jurisdiction; although they were never served with process, nor had even heard of the suit. It is upon this ground that the res, or its proceeds, may be followed by the decree of this court into the hands of any person who may have the same in his possession, and who is personally within its jurisdiction. But whether the appellee has, or ever had in his possession, the merchandise mentioned in the decree, or its proceeds; is a fact which this court cannot consider as established by the decree of the circuit court of Rhode Island, inasmuch as the appellee was no party to that suit.

It is contended that the decree against Graham was not founded on original process, but was merely an incident to the original suit, in which the box of merchandise was condemned to the captors. This is not quite correct, since the sentence against Graham was not for the thing condemned, or its proceeds, but for a gross sum. But were it otherwise, still the suit against Graham was an original one, in which the question to be decided was, not whether the goods were legally condemned to the captors, but whether they had come to the hands of the person against whom the suit was prosecuted? And this is the very question which, for the reasons before mentioned, that court was incompetent to decide. At every turn that this case is presented to our view, it is met by the objection, that the circuit court of Rhode Island had not cognizance of the matter upon which its sentence was founded.

Again, it is said, that as the libel in this case, setting forth the sentence of condemnation, as well as the decree in personam

against Graham, and the plea, by avoiding the charge of possession, and merely alleging matter in bar of the relief prayed, admits the fact that the appellee was so possessed; there can be no solid reason why the court should not now execute that decree.

The conclusion of the counsel is clearly drawn from mistaken premises. The libel sets forth no part of the proceedings of the Rhode Island court, but the complaint of Wilson, supported by proof, that the box of merchandise imported in the Francis, and condemned as lawful prize to the captors, was delivered by mistake to Stewart—the proceedings against him—the suggestion, and proof that the said merchandise, or the proceeds thereof, came to the hands of Graham, and the process against him, followed up by the decree to pay $2,000 into the registry of that court, and the execution founded thereon returned unsatisfied. The prayer of the libel is, that the said decree against P. Graham, may be carried into execution by a decree of this court. It is manifest therefore that although the sentence of condemnation is mentioned, it is merely by way of recital in the complaint of Wilson against Stewart—that the only decrees set forth in this libel are those against Stewart and Graham; and that the latter is the only one which the libel prays the aid of this court to execute. Now it is perfectly clear, that, according to the practice of the court, where a specific relief is asked for, even although there be a prayer for general relief (which there is not in this case), the court cannot grant a relief which is inconsistent with, or entirely different from that which is asked for. Much less can the court, in a case where the libel seeks execution of a decree which is specially set forth, execute a different decree, which is not even stated in the libel as an existing and final decree. If the practice were otherwise, it would be not only unnecessary to state the relief which is desired, but it would be mischievous to do so, as it could only serve to deceive the other side. Neither is it correct to say that the plea, by not denying possession of the merchandise, admits it. In the first place, that fact it not charged in the libel, nor is it proved by the decree, for the reasons before mentioned. And even if it were charged, still it must have been upon the conclusive effect of the decree, from which the respondent could in no other way have extricated himself, but by showing that the court which pronounced it had not jurisdiction in the case.

I will not say that the respondent in the district court might not have stated all the matter of the plea in an answer, and also have denied the fact of possession. But then the latter part of his defence would have been merely gratuitous, and not being responsive to the libel in that respect, it could not have availed him. It is, after all, to be remarked, that the respondent is never bound to reserve to the final hearing, any matter which

amounts to a bar of the relief prayed; but may, by a plea, demand the judgment of the court upon such matter, so as to save the expense of a general examination.

The decree of the district court must be affirmed, with costs.